UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Scott Malcom and Tim McGough, as Trustees of the Carpenters and Joiners Welfare Fund, Twin City Carpenters Pension Master Trust Fund, Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund, and Twin City Carpenters Vacation Fund; and each of their successors;<br><br>Plaintiffs,<br><br>v.<br><br>Benchmark Acoustics & Interiors, Inc. and Heath J. DeBoer, individually,<br><br>Defendants. | Civil No. 06-3998 (PAM/JSM)<br><br><br><br><br><br><br><br><br><br>**ORDER** |

This matter is before the Court on Plaintiffs' Motion for an Entry of Default. For the reasons that follow, the Court grants the Motion.

Plaintiffs are trustees and fiduciaries of various fringe benefit trust funds that were established to provide pension, health, welfare, and vacation benefits, as well as training, to employees doing carpentry work in the construction trades (hereinafter "Funds"). The Funds are maintained by the unions and employers for the benefit of workers pursuant to a collective bargaining agreement. As trustees of the Funds, Plaintiffs are responsible for determining and collecting the amount due to the Funds from employers who have entered into the collective bargaining agreement.

In August 2000, Defendants Benchmark Acoustics & Interiors, Inc. and Heath J. DeBoer agreed to be bound to a collective bargaining agreement between the Builders Division of Associated General Contractors of Minnesota, the Carpentry Contractors Association, the Minnesota Drywall and Plaster Association, and the Lakes and Plains Regional Council of Carpenters and Joiners.  The collective bargaining agreement requires employers to make monthly contributions on behalf of employees, and to furnish Plaintiffs with employment and payroll records necessary to calculate and collect the contributions.

Plaintiffs allege that Defendants have failed to produce all necessary employment and payroll records for the period of January 2005 through the present.  (Compl. ¶ 14.)  Consequently, Plaintiffs are unable to determine Defendants' compliance with the terms of the collective bargaining agreement.  (Id. ¶¶ 15-16.)

Plaintiffs now seek a default judgment against Defendants.  Plaintiffs filed a Summons and Complaint on October 6, 2006, and served the Summons and Complaint on Defendants on October 10, 2006.  Defendants have failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon Plaintiffs' counsel.  Accordingly, an entry of default is proper.  See  Fed. R. Civ. P. Rule 55(a).

Accordingly,  **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Entry of Default (Docket No. 3) is **GRANTED**;

2. Within ten days of this Order, Defendants shall produce for inspection and audit all payroll and employment records from January 2005 to the present. Production and inspection of the documents shall occur at the premises of

>    Wilson-McShane Corporation at 3001 Metro Drive, Suite 500 in Bloomington, Minnesota 55425;

3. Plaintiffs may thereafter move the Court for an entry of a money judgment to pay all amounts due pursuant to the audit; and

4. Defendants are **ENJOINED** from further failure or refusal to produce records to Plaintiffs as required by the collective bargaining agreement.

Dated: January 11, 2007

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge
